ENOCH R. THOMPSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Thompson v. Commissioner
Docket No. 8156-73.
United States Tax Court
T.C. Memo 1975-81; 1975 Tax Ct. Memo LEXIS 291; 34 T.C.M. (CCH) 409; T.C.M. (RIA) 750081; March 27, 1975, Filed Enoch R. Thompson, pro se. Wayne M. Bach, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1969 in the amount of $1,014.90. The issue for decision is whether petitioner is entitled to three dependency exemptions for his children who lived with their mother and step-father during 1969. FINDINGS OF FACT Some of the facts have been stipulated and the stipulation of facts, together with the exhibits attached thereto, are incorporated herein by reference. Petitioner Enoch R. Thompson resided at R.R. #2, Springville, Indiana at the time of the filing of the petition herein. Petitioner filed his 1969 Federal income tax return on the cash basis with either the district director of internal revenue, Indianapolis, Indiana, or the Central Service Center, *293 Covington, Kentucky. [1]/ Petitioner was formerly married to Margie Gibbs. Three children were born of that marriage and their ages at the end of the year 1969 were: Michael, 14; Vickie, 12; and Gayle, 8. Petitioner and Margie Gibbs were divorced in 1964 and Margie was awarded custody of their three children. The decree of divorce was silent as to which parent would be entitled to dependency exemptions for income tax purposes. Margie married Nick Gibbs in 1965. During the year 1969, the three children resided in the home of their mother and stepfather in Henderson, Kentucky. Margie and Nick Gibbs provided no less than $8,907.57 for the support of the three minor children in 1969. Petitioner was not married during 1969. Petitioner provided no less than $3,120.00 and no more than $3,420.00 for the support of his minor children during 1969. OPINION In resolving the question of which divorced parent is entitled to claim their children as dependents under section 151, [2]/ we must look to the statutory rules contained in section 152(e). That section provides *294 that the custodial parent (here Margie) is, in general, entitled to the exemptions. Section 152(e)(1). There are, however, two statutory exceptions to this general rule contained in sections 152(e)(2)(A) and (e)(2)(B). Because petitioner has presented evidence pertaining to both sub-sections we shall consider each separately. Under section 152(e)(2)(A), the non-custodial parent may claim the dependency exemptions if: (a)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year * * * The petitioner testified that at the time of divorce the parties orally agreed that petitioner would claim the children on his income tax return. Margie could not recall such an agreement covering years subsequent to 1965. However she did recall allowing petitioner to claim *295 the children for the tax year 1965 since she was unemployed at that time. Regardless of the parties' understanding at the time of divorce, a requirement of the statute has not been fulfilled since there was no "written agreement." . Therefore, petitioner is not entitled to the exemptions under this exception. Section 152(e)(2)(B) provides that the non-custodial parent may claim the exemptions if: (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. Since petitioner provided amounts for support of the children in excess of $1,200.00, the burden is upon the respondent (the custodial parent not being a party to this proceeding) to establish by a clear preponderance of the evidence that the custodial parent furnished more for the support of the children than the non-custodial parent. , *296 affd. per curiam (C.A. 5, 1971). A careful examination of the evidence clearly reveals that Margie expended more for the support of the children than petitioner. Margie Gibbs testified at trial as to the amounts she expended during 1969 for the support of the three children. In support of her testimony, Margie introduced into evidence 537 cancelled checks representing expenditures in excess of $17,700.00 for such essential items as food, clothing, school expenses, medical expenses, dry cleaning and other household expenses. After adjusting these sums to reflect only the amounts expended for the support of the children, and excluding from our computations amounts expended for questionable items of support or items which we believe directly benefited only the parents, we find that Margie provided the following amounts in support of each child during 1969: Michael
$3,700.64
Vickie
2,604.37
Gayle
2,602.56
Total
$8,907.57
Petitioner paid at least $3,120.00 during 1969 for the support of the children. Even if we allowed him an additional $300.00 for gifts and other support payments, which petitioner claimed at trial but did not substantiate, *297 his expenditures for support do not exceed those clearly established by the custodial parent. We hold petitioner is not entitled to the three exemptions. Because petitioner did not allege error as to that portion of the deficiency based on his claiming "Head of Household" status, nor did petitioner present any evidence on this determination at trial, we deem that matter not in controversy. Accordingly, Decision will be entered for the respondent.
Footnotes
1. /↩ The record in this case is unclear as to where petitioner filed his 1969 Federal income tax return.
2. /↩ All references are to the Internal Revenue Code of 1954, as amended.